IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHAD BURNS and DAVID TORRES, On Behalf of Themselves and all Others Similarly Situated, | § § § § |
| Plaintiff, | § CIVIL ACTION NO. 5:15-cv-1016-RP § |
| v. | § COLLECTIVE AND CLASS ACTION § |
| CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE OPERATING L.L.C., WILD PURGE I, LLC, and JOHN DOE DEFENDANTS 1 to 5, | § § § § § |
| Defendants. | § |

**DEFENDANTS CHESAPEAKE ENERGY CORPORATION AND CHESAPEAKE OPERATING, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants Chesapeake Energy Corporation and Chesapeake Operating, LLC, ("Chesapeake")[1], files its Answer to Plaintiff Chad Burns' and David Torres' ("Plaintiffs") First Amended Complaint ("Complaint") on a paragraph by paragraph basis as follows:

**I. SUMMARY**

1.      Chesapeake denies that it employed Plaintiffs, either directly or as a joint employer, or made any payments to Plaintiffs, as alleged in Paragraph 1. Chesapeake is without information sufficient to form a belief as to the remaining allegations pertaining to Defendant Wild Purge.

   **A.      FLSA Independent Contractor Misclassification Overtime Claims**

2.      Chesapeake denies the allegations in Paragraph 2.

---

[1] Chesapeake Energy Corporation is not an operating entity, and did not employ Plaintiffs or any other persons. Defendants use the collective term "Chesapeake" for ease of reference and without prejudice to their legal position that Chesapeake Energy Corporation is not a proper party to the lawsuit.

3. Chesapeake admits it did not pay Plaintiffs time and one-half their respective regular rates of pay for hours worked over 40 in a workweek because it did not employ Plaintiffs and was not responsible for compensating them. Chesapeake is without information sufficient to form a belief as to the truth of the remaining allegations.

4. With respect to its employees and independent contractors, Chesapeake denies the allegations contained in Paragraph 4. Chesapeake is without information sufficient to form a belief as to the truth of the remaining allegations pertaining to any other defendant.

5. Chesapeake denies it misclassified any workers. By way of further answer, Chesapeake is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 pertaining to any other defendant.

6. Chesapeake admits Plaintiffs are seeking the damages identified in Paragraph 6, but denies that it is liable to Plaintiffs for any damages.

7. Paragraph 7 of the Complaint does not require a factual response.

**B.     The Wage Theft Claims**

8. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

**1.     FLSA Minimum Wage and Overtime Wage Theft Claims**

9. Chesapeake admits it did not pay Plaintiffs because it did not employ them and was not responsible for compensating them. Chesapeake denies the remaining allegations in Paragraph 9.

**2.     Texas State Law Wage Theft Claims**

10. Chesapeake denies it employed Plaintiffs, and therefore denies Plaintiffs are entitled to recover any damages from it.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A.     Plaintiff Chad Burns

11.    Chesapeake is without information sufficient to form a belief as to the allegations contained in Paragraph 11.

12.    Chesapeake denies Plaintiff Burns worked exclusively for Chesapeake or under its control. Chesapeake admits it did not pay Plaintiff Burns because it did not employ him. Chesapeake admits Plaintiff Burns worked in and around Chesapeake's oilfield operations in South Texas, and was compensated by Defendant Wild Purge. Chesapeake is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13.    Chesapeake denies it engaged in any wage theft. Chesapeake is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

### B.     Plaintiff David Torres

14.    Chesapeake is without information sufficient to form a belief as to the allegations contained in Paragraph 14.

15.    Chesapeake denies Plaintiff Torres worked exclusively for Chesapeake or under its control. Chesapeake admits it did not pay Plaintiff Torres because it did not employ him. Chesapeake admits Plaintiff Torres worked in and around Chesapeake's oilfield operations in South Texas, and was issued paychecks by Defendant Wild Purge. Chesapeake is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16.    Paragraph 16 of the Complaint does not require a factual response.

    **C.**    **FLSA Collective Action Members**

        **1.**    **FLSA IC Misclassification Overtime Claim**

17. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 17, but denies that it misclassified any workers.

18. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Chesapeake denies the allegations in Paragraph 19.

        **2.**    **FLSA Wage Theft Claim**

20. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 20, but denies that it engaged in any improper activity under the FLSA.

21. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

    **D.**    **Texas State Law Claim Rule 23 Class Members**

23. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 23, but denies that it engaged in any wage theft under Texas State Law.

24. Chesapeake denies that Burns and/or State Law Wage Theft Class Members are entitled to the damages sought from Chesapeake as alleged in Paragraph 24.

25. Chesapeake denies that Burns and/or State Law Wage Theft Class Members are entitled to the damages sought from Chesapeake as alleged in Paragraph 25.

E. **Defendants Chesapeake Energy Corporation and Chesapeake Operating L.L.C. ("Chesapeake")**

26. Chesapeake admits the allegations in Paragraph 26 with respect to Chesapeake Operating, LLC.

27. Chesapeake admits the allegations in Paragraph 27 with respect to Chesapeake Operating, LLC.

28. Chesapeake admits the allegations in Paragraph 28 with respect to Chesapeake Operating, LLC.

29. Chesapeake denies the allegations in Paragraph 29 of the Complaint.

30. Chesapeake denies the allegations in Paragraph 30 of the Complaint.

31. Chesapeake denies the allegations in Paragraph 31 of the Complaint.

32. Chesapeake admits the allegations in Paragraph 32 with respect to Chesapeake Operating, LLC but denies the allegations with respect to Plaintiffs.

33. Chesapeake admits the allegations in Paragraph 33 with respect to Chesapeake Operating, LLC but denies the allegations with respect to Plaintiffs.

34. Chesapeake admits the allegations in Paragraph 34 with respect to Chesapeake Operating, LLC but denies the allegations with respect to Plaintiffs.

35. Chesapeake admits the allegations in Paragraph 35 with respect to Chesapeake Operating, LLC but denies the allegations with respect to Plaintiffs.

36. Chesapeake admits the allegations in Paragraph 36.

F. **Wild Purge I, LLC**

37. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Chesapeake denies the allegations in Paragraph 40 to the extent they allege Chesapeake was a joint employer with Defendant Wild Purge.

41. Chesapeake denies the allegations in Paragraph 41 to the extent they allege Chesapeake was a joint employer with Defendant Wild Purge.

42. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

**G.** **John Doe Defendants 1 to 5**

47. Paragraph 47 of the Complaint does not require a factual response.

**H.** **Jurisdiction and Venue**

48. Chesapeake admits that the court has personal jurisdiction in this lawsuit.

49. Chesapeake admits the allegations in Paragraph 49.

50. Chesapeake admits that the court has subject matter jurisdiction in this lawsuit.

51. Chesapeake admits that venue is proper in this District.

52. Chesapeake admits that venue is proper in this Division.

53. Chesapeake admits that the Court has supplemental jurisdiction over the state law claims.

### III. FACTUAL BACKGROUND

54. Chesapeake incorporates its answers to the preceding paragraphs by reference.

55. Chesapeake admits the allegations in Paragraph 55.

56. Chesapeake admits Wild Purge is a workforce staffing company that has provided workforce personnel. Chesapeake lacks information sufficient to form a belief as to the nature of the compensation and tax reporting delivered to workers engaged by Wild Purge. Chesapeake denies the remaining allegations in Paragraph 56.

57. Chesapeake admits it did not employ Plaintiffs, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57.

58. Chesapeake denies the allegations in Paragraph 58.

59. Chesapeake denies the allegations in Paragraph 59.

60. Chesapeake denies it employed Plaintiffs in any capacity and therefore denies the allegations in Paragraph 60.

61. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. Chesapeake denies the allegations in Paragraph 62.

63. Chesapeake denies the allegations in Paragraph 63.

64. Chesapeake denies the allegations in Paragraph 64.

65. Chesapeake denies the allegations in Paragraph 65.

66. Chesapeake denies that it controlled whether Plaintiff hired any employees, therefore it denies the allegations in Paragraph 66.

67. Chesapeake denies the allegations in Paragraph 67.

68. Chesapeake denies the allegations in Paragraph 68.

69. Chesapeake is without information sufficient to form a belief as to the allegations contained in Paragraph 69.

70. Chesapeake denies the allegations in Paragraph 70.

71. Chesapeake denies it employed Plaintiff in any capacity. Chesapeake is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71.

72. Chesapeake denies the allegations in Paragraph 72.

73. Chesapeake denies that it employed Plaintiffs and therefore states that it was not required to keep a record of the data pertaining to them required by 29 C.F.R. §516.2(a).

74. Chesapeake denies it employed Plaintiffs and therefore denies the allegations in Paragraph 74.

75. Chesapeake denies it employed Plaintiffs and was required to pay or provide benefits as employees.

76. Chesapeake denies the allegations in Paragraph 76.

77. Chesapeake denies that it employed Plaintiff Burns. Chesapeake further denies that it is liable for any payments to Burns. Chesapeake is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77.

78. Chesapeake denies that it employed Plaintiff Burns. Chesapeake further denies that it is liable for any payments to Burns. Chesapeake is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 78.

## IV. CONTROLLING LEGAL RULES

79. Paragraph 79 of the Complaint states a legal proposition that does not require a factual response.

80. Paragraph 80 of the Complaint states a legal proposition that does not require a factual response.

81. Paragraph 81 of the Complaint states a legal proposition that does not require a factual response.

82. Paragraph 82 of the Complaint states a legal proposition that does not require a factual response.

83. Paragraph 83 of the Complaint states a legal proposition that does not require a factual response.

84. Paragraph 84 of the Complaint states a legal proposition that does not require a factual response.

85. Paragraph 85 of the Complaint states a legal proposition that does not require a factual response.

86. Paragraph 86 of the Complaint states a legal proposition that does not require a factual response.

87. Paragraph 87 of the Complaint states a legal proposition that does not require a factual response.

88. Paragraph 88 of the Complaint states a legal proposition that does not require a factual response.

89. Paragraph 89 of the Complaint states a legal proposition that does not require a factual response.

90. Paragraph 90 of the Complaint states a legal proposition that does not require a factual response.

91. Paragraph 91 of the Complaint states a legal proposition that does not require a factual response.

## V. PLAINTIFFS' CLAIMS

92. Chesapeake incorporates its answers to the preceding paragraphs by reference.

93. Paragraph 93 of the Complaint states a legal proposition that does not require a factual response.

94. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95. Chesapeake denies the allegations in Paragraph 95.

96. Chesapeake denies it has been an eligible and covered employer pursuant to the FLSA related to Plaintiffs.

97. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98. Chesapeake denies the allegations in Paragraph 98.

99. Chesapeake denies it employed Plaintiffs and therefore denies it was responsible for paying Plaintiffs. Chesapeake is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99.

100. Chesapeake denies it employed Plaintiffs and therefore denies it was responsible for recording Plaintiffs' hours. Chesapeake is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100.

101. Chesapeake denies the allegations in Paragraph 101.

102. Chesapeake denies it is liable to Plaintiffs for any damages.

### VI. FLSA COLLECTIVE ACTION ALLEGATIONS

103. Chesapeake incorporates its answers to the preceding paragraphs by reference.

**A.  FLSA IC Misclassification Overtime Claim Collective Action**

104. Chesapeake admits Plaintiffs are pursuing collective action relief, but denies it is liable to Plaintiffs or possible class members for any violations under the FLSA.

105. Chesapeake is without information sufficient to form a belief as to the allegations in Paragraph 105, but denies that it is liable to any collective action members who are similarly-situated to Plaintiffs.

106. Chesapeake denies the allegations in Paragraph 106.

107. Chesapeake denies the allegations in Paragraph 107.

108. Paragraph 108 states a proposition that does not require a factual response.

109. Paragraph 109 states a proposition that does not require a factual response.

**B.  FLSA Wage Theft Claim Collective Action**

110. Chesapeake admits Plaintiffs are pursuing collective action relief, but denies it is liable to Plaintiffs or possible class members for any violations under the FLSA.

111. Chesapeake is without information sufficient to form a belief as to the truth of the allegations in Paragraph 111, but denies that it is liable to any collective action members who are similarly-situated to Plaintiff Burns.

112. Chesapeake denies the allegations in Paragraph 112.

113. Chesapeake denies the allegations in Paragraph 113.

114. Paragraph 114 states a proposition that does not require a factual response.

115. Paragraph 115 states a proposition that does not require a factual response.

## VII. TEXAS STATE LAW WAGE THEFT CLAIM CLASS ALLEGATIONS

116. Chesapeake incorporates its answers to the preceding paragraphs by reference.

117. Chesapeake denies it is liable to Burns and/or the State Law Wage Theft Class Members for any relief sought in Paragraph 117.

118. Chesapeake denies it is liable to Burns and/or the State Law Wage Theft Class Members for any relief sought in Paragraph 118.

119. Chesapeake admits Burns seeks collective action relief but denies Burns can pursue the relief he seeks in Paragraph 119.

120. Chesapeake denies the allegations in Paragraph 120.

121. Chesapeake denies the allegations in Paragraph 121.

122. Chesapeake denies the allegations in Paragraph 122.

123. Chesapeake denies Plaintiffs are entitled to class or collective action relief.

124. Chesapeake denies the allegations in Paragraph 124.

125. Paragraph 125 states a proposition that does not require a factual response.

126. Paragraph 126 states a proposition that does not require a factual response.

## VII. JURY DEMAND

127. Plaintiffs' jury demand does not require a factual response.

### IX.     DAMAGES AND PRAYER

128.    Chesapeake denies that Plaintiffs are entitled to any of the relief sought in Paragraph 128 or any of its subparts a. through k.

### DEFENSES

1.      Chesapeake affirmatively pleads that it is not a proper party in this litigation because it is not and has never been an "employer" of Plaintiffs for purposes of the Fair Labor Standards Act.

2.      Chesapeake affirmatively pleads that Plaintiffs claims are barred in whole or in part by the applicable statute of limitations.

3.      Without assuming the burden of proof, Chesapeake affirmatively pleads that any alleged violation of the FLSA by Chesapeake, which is denied, was not willful or committed with reckless disregard, within the meaning of the FLSA.

4.      Chesapeake affirmatively pleads that, without assuming or admitting liability, it is entitled to an offset or credit against any amounts due (which are denied).

5.      Without assuming the burden of proof, Chesapeake affirmatively pleads that Plaintiffs and the members of the purported collective action are not similarly situated. The potential claims of the purported class members reflect variability.

6.      Chesapeake affirmatively pleads that there is no factual or legal basis for an award of liquidated damages.

### CONCLUSION

WHEREFORE, Defendants Chesapeake Energy Corporation and Chesapeake Operating, LLC request that upon final hearing, judgment be entered that Plaintiffs take nothing from Chesapeake and that it be discharged with its costs and attorney's fees.

                         Respectfully submitted,

                         /s/ Bruce A. Griggs
                         Bruce A. Griggs
                         Attorney-In-Charge
                         State Bar No. 08487700
                         Federal ID No. 17847
                         Martin A. Rodriguez
                         State Bar No. 24071129
                         Federal ID No. 1056313
                         Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                         301 Congress Avenue, Suite 1150
                         Austin, Texas 78701
                         bruce.griggs@ogletreedeakins.com
                         martin.rodriguez@ogletreedeakins.com
                         (512) 344-4700
                         (512) 344-4701 Fax

                         **ATTORNEYS FOR DEFENDANT**
                         **CHESAPEAKE OPERATING, LLC**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 4th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Allen R. Vaught
    Baron & Budd, P.C.
    3102 Oak Lawn Ave. Suite 1100
    Dallas, Texas 75219
    (214) 520-1181 – Fax
    avaught@baronbudd.com

    Glenn D. Levy
    Law Offices of Glenn D. Levy
    906 Basse, Suite 100
    San Antonio, Texas 78212
    (210) 822-5650 – Fax
    Glenn@glennlevylaw.com

                         /s/ Bruce A. Griggs
                         Bruce A. Griggs