IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHAD BURNS and DAVID TORRES, On Behalf of Themselves and all Others Similarly Situated, | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-1016-RP |
| CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE OPERATING, L.L.C., WILD PURGE I, LLC, and JOHN DOE DEFENDANTS 1 to 5, | § | |
| Defendants. | § | |

**<u>PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF LAW</u>**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiffs Chad Burns ("Burns") and David Torres ("Torres") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully request that the Court grant default judgment as to liability against Defendant Wild Purge I, LLC ("Wild Purge" or "Defendant") and respectfully show as follows.

## I. INTRODUCTION

This case seeks back overtime wages, minimum wages and other damages from Chesapeake Energy Corporation, Chesapeake Operating Company, L.L.C. (collectively "Chesapeake" or "Chesapeake Defendants") and Wild Purge pursuant to the federal Fair Labor Standards Act ("FLSA") in addition to unpaid wages due to wage theft premised on the Texas state law causes of action for quantum meruit and money had and money received (the "Texas State Law Claims"). (*See* ECF No. 9, ¶¶ 1-10). This case is filed as a collective action for the FLSA claims, and as a Rule 23 class action for the Texas State Law Wage Theft Claims. (*Id.*).

The procedural history of the case and of service on the absent Defendant, Wild Purge, is set out at length in Plaintiffs' Notice and Proof of Service on Defendant Wild Purge I, LLC. (ECF No. 21). The entry of default as to Defendant Wild Purge was docketed on May 24, 2016. (ECF No. 23). Those documents are incorporated by reference as if set forth fully herein.

In the meantime, Plaintiffs have attempted to serve a Rule 45 subpoena[1] on Wild Purge, as, on information and belief, Wild Purge is in sole possession of records of the addresses of all putative collective action and Rule 23 class members in this case. Plaintiffs' due diligence in attempting service of the subpoena on the company is documented in the affidavits of Destinee F. Serdinia and April Hernandez. (*See* Exs. A & B (Affidavit of Destinee F. Serdinia; Affidavit of April Hernandez)). Records pertaining to putative collective action and/or class members' addresses will be useful in facilitating notice should this Court conditionally certify a collective action or certify a class action in this case. Plaintiffs, in connection with this Motion for Default Judgment, seek an order that those records, and other relevant records sought in Plaintiffs' subpoena, be produced within two weeks of entry of the order.

In short, Wild Purge has refused to participate in this case, is in default and has dodged service of a subpoena for the production of records relative to the putative collective action members. Since Defendant has indicated its intent to be bound by any judgment entered in this matter, Plaintiffs respectfully move for the Court to grant a default judgment as to liability against Wild Purge pursuant to Federal Rule of Civil Procedure 55(b)(2).

## II. FACTUAL BACKGROUND

Per Plaintiffs' pleadings, which, as shown further *infra*, are admitted by the defaulting Defendant, Wild Purge was an employer or joint employer of Plaintiffs and the putative

[1] Per FED. R. CIV. P. 45(a)(4), the Chesapeake Defendants were served with notice of Plaintiffs intent to serve the subpoena via first class mail on July 21, 2016.

collective action members and is jointly and severally liable in this FLSA and state law wage theft case. (*See* ECF No. 9, ¶¶ 2, 9, 40-41, 86, 95, 97 (Plaintiffs' First Amended Complaint)). As stated in Plaintiffs' First Amended Complaint:

> . . . Plaintiffs were issued paychecks for their work for Chesapeake by Wild Purge pursuant to invoices submitted to Wild Purge. Wild Purge also issued Plaintiffs 1099s in connection with those payments. Plaintiffs were paid a day rate in connection with their work for Chesapeake and Wild Purge received a percentage of that day rate pay from Chesapeake in connection with issuing paychecks and 1099s to Plaintiffs.

(*See* ECF No. 9, ¶ 1). Moreover:

> Plaintiffs were misclassified independent contractors by Chesapeake and/or Wild Purge. Under the economic realities test of the FLSA, . . . Plaintiffs were employees of Chesapeake and/or Wild Purge. Furthermore, under the FLSA, Chesapeake and Wild Purge are joint employers of Plaintiffs and are jointly and severally liable for the FLSA damages sought in this lawsuit.

(*See* ECF No. 9, ¶ 2). Finally:

> In approximately the first quarter of 2015, Wild Purge ceased paying Burns and other workers in connection with their work performed exclusively for Chesapeake for which they timely submitted invoices to Wild Purge (the "Wage Theft"). . . .

(*See* ECF No. 9, ¶ 8). As a result, Defendant Wild Purge is liable under the FLSA and the Texas State Law Claims for damages sustained by Plaintiffs and the putative collective action and/or class action members as a result of their misclassification of Plaintiffs as independent contractors and as a result of the Wage Theft.

## III. ARGUMENT & AUTHORITIES

### A. Standard of Review

A defaulting defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206

(5th Cir. 1975); *G&G Closed Cir. Events, LLC v. GCF Enters. LLC*, 2015 WL 7313427, at *2 (W.D. Tex. Nov. 19, 2015).

Federal Rule of Civil Procedure 55(b)(2)(B) gives a court discretion to convene an evidentiary hearing on the issue of damages. FED. R. CIV. P. 55(b)(2)(B); *see also G&G Closed Cir. Events, LLC*, 2015 WL 7313427, at *2. However, Plaintiffs here request a final judgment only as to liability, and request bifurcation of the issue of damages so as not to prejudice the Chesapeake Defendants.

**B. FLSA Background**

The FLSA is a remedial statute designed to remedy substandard labor conditions which Congress declared "injurious to the commerce and to the state from which the commerce flows." *United States v. Darby*, 312 U.S. 100, 115, 61 S. Ct. 451, 457, 85 L. Ed. 609 (1941). The Supreme Court instructs that the FLSA should not be "interpreted or applied in a narrow, grudging manner." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597, 64 S. Ct. 698, 703, 88 L. Ed. 949 (1944). It is well established law that the FLSA should be construed "liberally in favor of employees." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960); *McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 424 (5th Cir. 2006); *Allen v. McWane, Inc.*, 593 F.3d 449, 452 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 73 (2010).

**C. Defendant is an Employer/Joint Employer of Plaintiffs Along with the Chesapeake Defendants Under the FLSA.**

The FLSA defines the term "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d). The term "employer" is interpreted broadly for determining liability for claims of unpaid wages. *Vasquez v. Ranieri Cheese Factory*, 2010 WL 1223606 (E.D.N.Y. Mar. 26, 2010), citing *Falk v.*

*Brennan*, 414 U.S. 190, 195 (1973); *Brock v. Superior Care*, 840 F.2d 1054, 1058 (2d Cir. 1988) (finding that FLSA's definition of employer "is necessarily a broad one in accordance with the remedial purposes of the Act").

The FLSA also recognizes the doctrine of joint employers. "Where an employee performs work that simultaneously benefits more than one employer, the concept of 'joint employment' imposes individual and joint FLSA liability on all employers." *Parker v. ABC Debt Relief, Ltd. Co.*, Civil Action No. 3:10-cv-1332-P, 2013 WL 371572, at *4 (N.D. Tex. Jan. 28, 2013) (citing 29 C.F.R. § 791.2(a)).

Here, Plaintiffs' Complaint states that Wild Purge was their employer or joint employer under the FLSA. (ECF No. 9, ¶¶ 2, 9, 40-41, 86, 95, 97). In failing to appear in this matter, Defendant has admitted that it was an employer and joint employer of Plaintiffs and the putative collective action and class action members.

**D. <u>Defendant Is an Enterprise Engaged in Commerce Pursuant to the FLSA.</u>**

The FLSA also requires that employers be covered enterprises engaging in commerce. *See* 29 U.S.C. § 207(a). In order for the FLSA to apply in a given situation, plaintiffs must establish that defendant-employers meet certain threshold requirements in order to be covered by the FLSA. "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") *or* employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"). *Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotations omitted) (emphasis in original).

Plaintiffs' Complaint identifies that Wild Purge was an enterprise engaged in commerce. (ECF No. 9, ¶¶ 42-45). By failing to appear, Defendant has admitted that it was an enterprise engaged in commerce pursuant to the FLSA.

**E. <u>FLSA Independent Contractor Misclassification</u>**

To demonstrate that a plaintiff worker was an employee as opposed to an independent contractor, plaintiffs must establish that the worker was economically dependent on the employer pursuant to the economic realities test, which is laid out in this circuit in *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008).

The economic realities test requires a showing of (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *See id. citing Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998).

Plaintiffs' Complaint sets out the factors of the test and detailed factual allegations stating that the named Plaintiffs and similarly situated putative collective action and class action members were all economically dependent on Wild Purge, misclassified as independent contractors, and, in reality, non-exempt employees of Wild Purge (and the Chesapeake Defendants) pursuant to the FLSA and Texas state law. (ECF No. 9, ¶¶ 2-5, 17, 54-78, 84-85, 89 104-05 & 110-126). By failing to appear, Defendant has admitted that plaintiffs were misclassified pursuant to the FLSA and Texas state law, and are employees instead of independent contractors.

**F. <u>The FLSA's Overtime Wage and Minimum Wage Requirements</u>**

The FLSA's overtime wage provision states "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a).

Plaintiffs identify in their Complaint that they and the putative collective action members regularly worked more than 40 hours in a seven day workweek, but were not paid overtime compensation as required by the FLSA. (ECF No. 9, ¶¶ 6, 12, 15, 17, 57, 98-99, 104). As a result, Defendant has violated the FLSA's overtime wage provision as to Plaintiffs and the putative collective action members.

Furthermore, the FLSA mandates that employees must receive the federal minimum wage for all work completed. 29 U.S.C. § 206. In early 2015, when Wild Purge failed to pay Plaintiffs for work done when they submitted invoices to Wild Purge, Wild Purge violated the FLSA's minimum wage provision as to Plaintiffs and the putative collective action members. (*See* ECF No. 9, ¶ 8). Wild Purge has failed to appear, and these well-pleaded allegations of fact are admitted by Defendant Wild Purge. Thus, Wild Purge is liable to Plaintiffs and the putative collective action members.

**G. FLSA Recordkeeping Obligations.**

Federal law requires employers to have made and maintained accurate and detailed payroll data for their employees. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. The regulations require employers to make and keep payroll records showing data such as the employee's name,

social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments for all non-exempt employees. *See* 29 C.F.R. § 516.2(a)&(b). Plaintiffs and the putative collective action members were non-exempt employees as stated in their Complaint. (ECF No. 9, ¶¶ 57, 88).

**1. Records Required to Be Kept By Wild Purge Pursuant to the FLSA Must Be Produced to Plaintiffs.**

On information and belief, Wild Purge is in sole possession of the addresses of all putative collective action and/or class members in this case. While the identity and phone numbers of those individuals is known, their addresses are not known. (*See* Ex. D (List of Putative Collective Action Members)). This information will be helpful for issuance of notice should a collective or class action be certified. Defendant has dodged service of Plaintiffs' Rule 45 subpoena, as demonstrated in the affidavits of Destinee F. Serdinia and April Hernandez (*See* Exs. A & B (Affidavit of Destinee F. Serdinia; Affidavit of April Hernandez)). Plaintiff tried on 3 occasions to serve Wild Purge with the subpoena. (*See* Ex. A, ¶¶ (Affidavit of Destinee F. Serdinia)). Furthermore, Plaintiffs have attempted to call officers of Wild Purge to determine an address where they might accept service of process, sometimes leaving voicemails. The calls were never returned. (*See* Ex. B, ¶¶ (Affidavit of April Hernandez)).

Defendant's failure to participate in this lawsuit as a Defendant does not excuse its failure to produce critical documents by dodging service of a subpoena. Therefore, Plaintiffs request this Court issue an order, punishable by contempt, that documents be produced within 14 days of issuance of the order.

### H. Admission of Liability as to Plaintiffs' Texas State Law Wage Theft Claims

Finally, Plaintiffs, on behalf of themselves and the Rule 23 putative class members, have additionally pleaded that Defendants committed wage theft pursuant to state law, including pleading causes of action under quantum meruit and money had and money received. (ECF No. 9, ¶¶ 8-10, 20-25). Specifically, Plaintiffs pleaded that in the beginning of 2015, Wild Purge received invoices from Plaintiffs, but never paid Plaintiffs for the work that they had done for Chesapeake. (ECF No. 9, ¶ 8).

Under the equitable theory of quantum meruit, Plaintiffs are owed damages from Wild Purge's unjust enrichment when they failed to pay money pursuant to the implied agreement between Plaintiffs and Wild Purge to pay for the benefits Wild Purge received from Plaintiffs' work for Chesapeake. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex.2005). The elements of quantum meruit require (1) a plaintiff to provide valuable services or materials; (2) the services or materials were provided for the defendant; (3) the defendant accepted the services or materials; and (4) the defendant had reasonable notice that the plaintiff expected compensation for the services or materials. *See Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). Here, Plaintiffs had provided valuable services in the form of work done for Chesapeake, from which Wild Purge received value by keeping a percentage of what Chesapeake paid to Wild Purge before Wild Purge issued checks to Plaintiffs. Wild Purge clearly had reasonable notice that Plaintiffs expected compensation for the work provided to Chesapeake.

Under the cause of action of money had and received, all a plaintiff must show is that a defendant holds money which belongs to plaintiff in equity and good conscience. *See Staats v.*

*Miller*, 243 S.W.2d 686, 687-88 (Tex.1951). Here, Wild Purge has money which is owed to Plaintiffs as a result of the work done by Plaintiffs for Chesapeake.

In failing to appear, Defendant has admitted liability for the Texas State Law Wage Theft Claims.

## IV. CONCLUSION

WHEREFORE, Plaintiffs apply for a default judgment in favor of the Plaintiffs and against Defendant Wild Purge as to liability only. Plaintiffs request that they be allowed to move separately for an entry of judgment as to damages at the conclusion of this lawsuit so as not to prejudice the Chesapeake Defendants. Finally, Plaintiffs request an order that Wild Purge produce all documents sought in Plaintiffs' subpoena, attached hereto as Exhibit C.

Respectfully submitted,

By: s/ Allen R. Vaught

Allen R. Vaught
TX Bar No. 24004966
Melinda Arbuckle
TX Bar No. 24080773
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com
marbuckl@baronbudd.com

Glenn D. Levy
Texas Bar No. 12264925
Law Offices of Glenn D. Levy
906 Basse, Suite 100
San Antonio, Texas 78212
Telephone: (210) 822-5666
Facsimile: (210) 822-5650
glenn@glennlevylaw.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

On August 11, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically.

s/Allen R. Vaught
Allen R. Vaught