FILED
SEP 28 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHAD BURNS and DAVID TORRES On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> CHESAPEAKE ENERGY, INC., *et al.*, <br><br> Defendants. | Civil Action No. 5:15-cv-01016-RCL |

## MEMORANDUM OPINION

This matter comes before the Court on defendants' Motion for Partial Reconsideration of the Magistrate Judge's Recommendation of class certification relating to plaintiffs' straight-time wage claims under Texas law. Defendants claim that: (1) they failed to respond to plaintiffs' Motion for Rule 23 Class Action Certification due to an administrative error by counsel; (2) plaintiffs failed to meet the requirements of class certification under Federal Rule of Civil Procedure 23 ("Rule 23"); and (3) plaintiffs failed to comply with Western District Local Rules regarding the class action and settlement negotiations. Upon consideration of the motion, laintiffs' opposition, defendants' reply, the Recommendation of the Magistrate Judge, the entire record herein, and the applicable law, the Court finds that plaintiffs have not satisfied the requirements of Rule 23 as to plaintiffs' straight-time wage claims. The Court will therefore **GRANT** defendants' Motion for Partial Reconsideration and **REJECT** the Magistrate Judge's Recommendation as to Certifying Class Action.

## I. BACKGROUND

1

Plaintiffs, Chad Burns and David Torres, bring this action on behalf of themselves and all others similarly situated against defendants, Chesapeake Energy Corporation and Chesapeake Operating, L.L.C. (collectively "Chesapeake"), Wild Purge I, LLC ("Wild Purge"), and John Doe Defendants 1 to 5 ("John Doe Defendants"). Plaintiffs seek unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the federal Portal-to-Portal Act, 29 U.S.C. §§ 251–262, as well as unpaid straight-time wages under the equitable theory of *quantum meruit* under Texas law ("wage-theft claims").

Plaintiffs worked for Chesapeake as oilfield workers performing "pumper" and/or "gauger" related duties in and around the Eagle Ford Shale area of South Texas. Am. Compl. [9] ¶¶ 1, 55. Plaintiffs' typical duties included checking, maintaining, and repairing field equipment and providing reports on the status of field equipment. *Id.* at ¶ 60. Chesapeake used Wild Purge as its third-party payor and workforce staffing company to provide workforce personnel and issue paychecks to Chesapeake employees, including plaintiffs. *Id.* at ¶¶ 2, 56. Plaintiffs allege that Chesapeake and Wild Purge acted as their joint employers. *Id.* at ¶ 2.

At issue here, plaintiff Burns seeks the formation of a class for straight-time wage claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.[1] Burns has asked the Court to certify under Rule 23 the following class: "Plaintiffs and all affected employees of Chesapeake who worked for Chesapeake, and were paid by Wild Purge in the Eagle Ford Shale of South Texas, who have not received all straight time wages owed by Chesapeake and Wild Purge for work completed for Chesapeake relative to Chesapeake's oilfield operations." Proposed Order [47-1] ¶ 1. The alleged injury against the putative class consists of defendants not paying plaintiffs for work

---

[1] Plaintiff Torres does not allege wage-theft claims. Am. Compl. ¶ 16. Opt-in Plaintiff Oscar Escalante filed a declaration in support of plaintiffs' Motion for Rule 23 Class Action Certification. Pls.' Mot. for Rule 23 Class Action Cert. n.1.

2

completed for Chesapeake, even though plaintiffs timely submitted invoices to Wild Purge. Am. Compl. [9] ¶¶ 116–26.

Plaintiffs moved for Conditional Certification of a Collective Action and Rule 23 Class Action Certification on September 16, 2016. [45, 47]. Defendants responded to plaintiffs' Motion for Conditional Certification on October 7, 2016, [51], but defendants failed to respond to Plaintiffs' Motion for Rule 23 Class Action Certification. On March 14, 2017, the Court issued an Amended Order Conditionally Certifying Collective Action and a Report and Recommendation of the United States Magistrate Judge as to Certifying Class Action. [69].

On March 28, 2017, defendants moved for partial reconsideration of the order as to the Magistrate Judge's Recommendation of Rule 23 class certification for plaintiffs' straight-time wage claims. Defs.' Mot. for Partial Reconsideration [71]. Plaintiffs submitted their opposition brief on April 11, 2017 [75], and defendants submitted a reply brief in support of their motion on April 18, 2017, [78].

On July 9, 2018, plaintiffs filed a Request for Oral Argument Regarding Defendants' Objections to Portions of the Magistrate's Order on Plaintiffs' Motion for Rule 23 Class Certification. [85]. Defendants filed their opposition brief on July 13, [88], and plaintiffs submitted a reply brief in support of their motion on July 16, 2018, [89].

Wild Purge failed to make an appearance, and Judge Pitman granted default judgment against Wild Purge on March 29, 2017. Default Judgment [73].

The Court has subject-matter jurisdiction over this case based on federal-question jurisdiction because plaintiffs base their claims on federal law, the FLSA. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over plaintiffs' state-law claims pursuant to 28 U.S.C. §

1367, as the facts relative to those claims form part of the same case or controversy as the claims arising under the FLSA.

Plaintiffs seek recovery under the equitable theory of *quantum meruit* under Texas law. *Quantum meruit* allows for an equitable recovery "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Purselley v. Lockheed Martin Corp.*, 322 Fed. Appx. 399, 403 (5th Cir. 2009) (quoting *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (internal quotation marks omitted)). "Generally, a party may recover under *quantum meruit* only when there is no express contract covering the services or materials furnished." *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 975 (5th Cir. 2014) (quoting *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)). To recover under *quantum meruit*, a plaintiff must establish that: "1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Id.*

This Court need not address defendants' argument as to why reconsideration of the Magistrate Judge's Recommendation is proper because this Court reviews the Recommendation *de novo*.

## II. LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure governs class certification. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Before certifying a class, district courts must "conduct a rigorous analysis of the Rule 23 prerequisites." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). A district court may look "beyond the pleadings" to "understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful

4

determination" of whether Rule 23's requirements have been met. *Id.* at 744. Additionally, a district court has broad discretion over its decision to certify a class but must exercise that discretion within the framework of Rule 23. *Id.* at 740 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981)).

As the party seeking class certification, plaintiffs bear the burden of establishing that the requirements set forth in Rule 23 have been satisfied. *See, e.g., Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). First, plaintiffs must show that all four prerequisites of Rule 23(a) are satisfied. These requirements are: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Plaintiffs must also show that the proposed class falls within at least one of the three categories set forth in Rule 23(b). *Gene & Gene*, 541 F.3d at 325. In the instant case, plaintiffs represent that the putative class satisfies subsection (b)(3) of Rule 23. To satisfy Rule 23(b)(3), a class must meet two conditions beyond Rule 23(a)'s requirements: (1) common questions must "predominate over any questions affecting only individual members," and (2) class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Further, Rule 23 carries with it an implied prerequisite that the class be adequately defined and clearly ascertainable. *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 & n.3 (5th Cir. 2007) (citing *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)).

Defendants do not challenge the typicality or adequacy of representation requirements under Rule 23 in their Motion for Partial Reconsideration. The Court will examine the remaining Rule 23 requirements in turn.

## III. ANALYSIS

Plaintiffs have not satisfied the numerosity requirement of Rule 23. Therefore, certification of the proposed class is inappropriate, and the Court will grant defendants' Motion for Partial Reconsideration.

### A. Rule 23(a)

#### 1. Existence of a Class

For a class action to be certified, "the class sought to be represented must be adequately defined and clearly ascertainable." *John*, 501 F.3d at 445 n.3. "A precise class definition is necessary to identify properly those entitled to relief, those bound by the judgment, and those entitled to notice." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 413 (5th Cir. 2004) (citation and internal quotation marks omitted). While "[d]istrict courts are permitted to limit or modify class definitions to provide the necessary precision," *id.*, the plaintiff is "entitled to some leeway" in defining "the proper parameters of his proposed class," *Pittman v. E.I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977).

The proposed class is as follows: "Plaintiffs and all affected employees of Chesapeake who worked for Chesapeake, and were paid by Wild Purge in the Eagle Ford Shale of South Texas, who have not received all straight time wages owed by Chesapeake and Wild Purge for work completed for Chesapeake relative to Chesapeake's oilfield operations." Proposed Order [47-1] ¶ 1.

Defendants argue that plaintiffs have failed to establish ascertainability because plaintiffs have not offered a method of identifying which potential class members enumerated in their evidence had not been paid. Defs.' Mot. for Partial Reconsideration [71] at 10.

Plaintiffs have provided three pieces of evidence to determine the potential class: (1) an email from Ward Nohavitza regarding late payments (Burns Decl. [46-1] at Exhibit 1); (2) a list of approximately nine workers and their duties (including David Torres who does not assert wage-theft claims) (*id.* at Exhibit 2); and (3) a list of just over 100 Chesapeake employees paid by Wild Purge (including Ward Nohavitza) (*id.* at Exhibit 3).

The Court agrees with defendants that plaintiffs have not provided evidence of which potential class members listed have experienced wage theft and thus would fall within the proposed class definition. Plaintiffs' evidence serves to identify employees who received late payments, who worked in positions similar to those of plaintiffs, and who worked for Chesapeake and were paid by Wild Purge. This evidence does not identify employees who failed to receive payment for completed work. Yet this analysis applies to Rule 23's *numerosity* requirement, not to the ascertainability requirement.

The Fifth Circuit does not require plaintiffs to present evidence of a methodology of determining which potential class members fall within the class definition to meet the ascertainability requirement. *See In re Deepwater Horizon*, 739 F.3d 790, 821 (5th Cir. 2014) ("'[T]he possibility that some [claimants] may fail to prevail on their individual claims will not defeat class membership' on the basis of the ascertainability requirement."). Plaintiffs have defined the proposed class based on objective criteria that establishes membership with definite boundaries. *See In re Petrobras Securities*, 862 F.3d 250, 257 (2nd Cir. 2017); *Bynum v. District of Columbia*, 214 F.R.D. 27, 31–32 (D.D.C. 2003) (finding an ascertainable class where "an

individual would be able to determine, simply by reading the [class] definition, whether he or she was a member of the proposed class"). Accordingly, the Court finds that Plaintiffs have met the ascertainability prerequisite of Rule 23.

## 2. Numerosity

To meet the numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Fifth Circuit has declared that "[a] plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000). A mere allegation that the class is too numerous for joinder is insufficient. *Id.* at 868.

"There is no definite standard as to what class size satisfies Rule 23(a)(1)." *In re TWL Corp.*, 712 F.3d 886, 894 (5th Cir. 2013) (citing 7A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1762 (3d ed. 2005). Generally, a class of over forty members meets the numerosity requirement, although some courts have certified classes consisting of twenty-five to thirty members. *See Stewart v. Abraham*, 275 F.3d 220, 226–27 (3rd Cir. 2001); *Zeidman v. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981). However, the number of proposed class members is not determinative of whether joinder is impracticable, and other factors may be relevant, including "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Zeidman v. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981).

Defendants claim that Plaintiffs have not established numerosity. Defs.' Mot. for Partial Reconsideration [71] at 7–9. First, Defendants allege that only two individuals, Burns and Escalanate, have offered evidence that they were underpaid. *Id.* at 7. Second, Defendants argue that Plaintiffs have not provided an estimate of the size of the class, and that a class of two to three

8

individuals would not make joinder impracticable. *Id.* at 8. Further, Defendants assert that the email sent by Ward Nohavitza is evidence of late payments, not evidence that Wild Purge "failed to make payments altogether." *Id.* at 9.

As previously stated, plaintiffs' evidence identifies employees who received late payments, who worked in positions similar to those of plaintiffs, and who worked for Chesapeake and were paid by Wild Purge. Again, the Court agrees that plaintiffs have not provided evidence of which potential class members enumerated in plaintiffs' evidence have experienced wage theft. Although plaintiffs were able to meet the ascertainability requirement, Plaintiffs fail to meet the numerosity requirement.

In his declaration, plaintiff Burns stated that he had "personal knowledge that many of those [similarly situated] workers also experienced wage theft." Burns Decl. [46-1] ¶ 33. Plaintiff Escalante stated that "[b]ased on communications with my co-workers, I understand that many of my co-workers who still worked for Chesapeake during the approximate time period of early to mid-2015 experienced wage theft like me." Escalante Decl. [46-2] ¶ 32. However, these statements do not provide a "reasonable estimate" of the number of potential class members.

The Court notes that other factors to be considered weigh in plaintiffs' favor. First, class members would likely assert relatively small individual claims and reside throughout the Eagle Ford Shale region of South Texas. *Id.* Second, as the Magistrate Judge found, certain circumstances would make the class difficult to identify. Am. Order & Rec. at 23–24. Plaintiffs allege that Chesapeake and Wild Purge acted as their joint employers, Burns Decl. [46-1] ¶¶ 19–32; Am. Compl. [9] ¶ 2, and that "identifying the class members is easily accomplished by use of defendant's records," Pls.' Mot. for Rule 23 Class Action Cert. [47] at 5. However, Chesapeake claims that it did not employ plaintiffs and does not have adequate Wild Purge employee records.

9

Answer to Am. Compl. [13] at 2; Response to Pls.' Mot. for Cond'l. Cert. [51] at 3, 7–8. Wild Purge no longer works with Chesapeake, *id.*, and a default judgment has been entered against Wild Purge, Default Judgment [73]. Moreover, plaintiff Escalante stated that Chesapeake's payroll service company is now Raw Oil, which was founded by a former Wild Purge employee, and that Chesapeake and Raw Oil have threatened loss of jobs for joining this lawsuit. Escalante Decl. [46-2] at 8.

However, without some evidence or a reasonable estimate that, in addition to plaintiffs Burns and Escalante, other Chesapeake employees paid by Wild Purge in the Eagle Ford Shale region of South Texas experienced wage theft—instead of simply late payments—the Court cannot find that plaintiffs have met Rule 23's numerosity requirement.

### 3. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Class members' claims must "depend upon a common contention" that "is capable of class wide resolution," meaning that "the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.*, 564 U.S. at 350. The threshold of commonality is not high. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). It is not necessary that every issue of law or fact be the same for each class member. *Forbush v. J.C. Penney, Inc.*, 994 F.2d 1101, 1106 (5th Cir. 1993). "Rather, the commonality test is met when there is 'at least one issue whose resolution will affect all or a significant number of the putative class members.'" *Id.* at 1106 (quoting *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982)).

Defendants claim that Plaintiffs' wage-theft claims are "of unknown amounts and during a widely varying timeframe." Defs.' Mot. for Partial Reconsideration at 11. Additionally,

10

defendants allege that plaintiffs have not provided evidence that "damages could be efficiently measured on a class-wide basis." *Id.*

Plaintiffs assert that wage theft is common to all plaintiffs. Pls.' Opp'n at 10. Also, Plaintiffs have identified issues common to the class as follows: "whether plaintiffs were common law employees under Texas law; whether there was a contract of employment between plaintiffs and Chesapeake; whether Plaintiffs rendered beneficial services to Chesapeake; whether Chesapeake knowingly accepted these services; and whether plaintiffs had a reasonable expectation to be paid by Chesapeake." *Id.* at 12. plaintiffs claim that the only difference among Plaintiffs' claims is the difference in their pay rates. *Id.* at 5.

As the Magistrate Judge discussed in the Magistrate's Recommendation, "virtually all of the factual and legal issues raised by plaintiffs' state-law claims are common to the class except for the difference in each plaintiff's pay rate." Am. Order & Rec. at 24–25. Noting that the commonality threshold is not high and that one common question of law or fact will suffice, the Court finds that the commonality requirement is satisfied.

### B. Rule 23(b)(3)

Under Rule 23(b)(3), a court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Pertinent considerations include: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular

forum; and (4) the likely difficulties in managing a class action. *Id.* The Court finds that the predominance and superiority requirements of Rule 23(b)(3) are met.

### 1. Predominance

The first requirement of Rule 23(b)(3) is that common factual and legal issues predominate over any such issues that affect only individual class members. Fed. R. Civ. P. 23(b)(3). Determining whether the predominance standard is met "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials." *Gene & Gene*, 541 F.3d at 326 (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003)).

The Court has determined the existence of at least one common question of fact—whether defendants failed to compensate plaintiffs for work performed—and at least one common question of law—whether plaintiffs are entitled to damages or equitable relief under *quantum meruit*. A resolution of these two questions, which are common to all of the class members' claims, would dispose of the issue of whether defendants are liable to plaintiffs in this action. The only other significant issue in the case is the issue of remedy—that is, whether plaintiffs are entitled to equitable or monetary relief if they succeed in establishing liability. Defendant has pointed out that if plaintiffs succeed in establishing that they are entitled to damages, the award that each individual class member is entitled to may vary. Nevertheless, even if accepted as true, this single fact would not preclude a finding that common questions of law and fact predominate over individual questions. *See In re Deepwater Horizon*, 739 F.3d 790, 815–16 (5th Cir. 2014) (quoting *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 306 (5th Cir. 2003)) ("'Even wide disparity among class members as to the amount of damages' does not preclude class certification 'and courts,

therefore, have certified classes even in light of the need for individualized calculations of damages.'"); *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th Cir. 2006) ("... the necessity of calculating damages on an individual basis will not necessarily preclude class certification.... However, where individual damages cannot be determined by reference to a mathematical or formulaic calculation, the damages issue may predominate over any common issues shared by the class."). This Court agrees with the Magistrate Judge that "plaintiffs' damages will be easily calculated based on the invoices they submitted to defendants summarizing the work provided." Am. Order & Rec. at 13. Thus, the predominance requirement has been met.

### 2. Superiority

Additionally, a class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The superiority requirement is "fact-specific and will vary depending on the circumstances of any given case." *In re TWL Corp.*, 712 F.3d 886, 896 (5th Cir. 2013) (quoting *Robertson v. Monsanto Co.*, 287 Fed. Appx. 354, 361 (5th Cir. 2008)).

It has often been observed that class treatment is appropriate in situations such as the present case, in which the individual claims of many of the putative class members are so small that it would not be economically efficient for them to maintain individual suits. *See Castano*, 84 F.3d at 740 ("The most compelling rationale for finding superiority in a class action [is] the existence of a negative value suit...."). Here, Burns seeks $14,000 in allegedly unpaid wages, and Escalante seeks $18,000. Burns Decl. [48-1] ¶ 35. Similarly-situated plaintiffs would likely seek comparable damages. Additionally, as the Magistrate Judge found in the Magistrate's Recommendation, this case is not a multi-state class action, and this case does not involve legal or

factual differences that would complicate litigating this issue as a class. Am. Order & Rec. at 27. Therefore, the Court is satisfied that the superiority requirement is met.

## IV. CONCLUSION

The Court finds that plaintiffs have failed to satisfy all of the requirements of Rule 23. Therefore, the Court will **GRANT** defendants' Motion for Partial Reconsideration as it relates to plaintiffs' straight-time wage claims. This ruling is subject to reconsideration, if needed, after plaintiffs provide sufficient evidence of numerosity.

A separate order shall issue this date.

SIGNED this 28th day of September, 2018.

Royce C. Lamberth
United States District Judge